| Case No. | **ED CV 20-292-DMG (SHKx)** | Date | February 20, 2020 |
|---|---|---|---|

| Title | *Golden Eagle Insurance Corp. v. Broan-Nutone, LLC, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO RIVERSIDE COUNTY SUPERIOR COURT**

On January 10, 2020 Golden Eagle Insurance Corporation filed a Complaint in Riverside County Superior Court against Defendant Broan-Nutone, LLC, alleging state-law causes of action for general negligence, products liability, and indemnification under a subrogated rights on an insurance policy.   *See* Removal Notice, Ex. A (Compl.) at 4–18 [Doc. # 1-1].[1]   On February 13, 2020, Defendant removed the action, invoking this Court's diversity jurisdiction under 28 U.S.C. section 1332(a).  [Doc. # 1.]

Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had original jurisdiction over the action had it been filed in that court.  Pursuant to 28 U.S.C. section 1332(a)(2), a district court shall have jurisdiction over a civil action between citizens of a state and citizens or subjects of a foreign state in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).  As there is a "'strong presumption' against removal jurisdiction[,]" an action should be remanded "if there is any doubt as to the right of removal . . . ."  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant alleges that it is a Delaware limited liability company, with its principal place of business in Wisconsin, and that it is not a California citizen.  *See* Gonnella Decl. at ¶ 5 [Doc. # 1-2].  Defendant has not alleged the citizenship of each of its owners or members. *See Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by [his

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

or] her state of domicile . . . .").  Despite its assertion that it is not a California citizen, without further information about the citizenship of its owners or members, Defendant has not demonstrated that this Court has diversity jurisdiction over this case.

In light of the foregoing, Defendant is **ORDERED TO SHOW CAUSE** in writing by **March 3, 2020** why this action should not be remanded to Riverside County Superior Court for lack of subject matter jurisdiction.  **Failure to timely file a satisfactory response by this deadline will result in the remand of this action.**

**IT IS SO ORDERED.**